IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTONIO D. PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-904 (MN) |
| | ) |
| DELAWARE DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Antonio D. Perry, Sussex Correctional Institution, Georgetown, Delaware – *Pro Se* Plaintiff

May 12, 2025
Wilmington, Delaware

*Maryellen Noreika*

**NOREIKA, U.S. DISTRICT JUDGE:**

On July 31, 2024, Plaintiff Antonio D. Perry, incarcerated at Sussex Correctional Institution (SCI) in Georgetown, Delaware, initiated this civil action *pro se*, alleging civil rights violations, pursuant to 42 U.S.C. § 1983, by Defendants Delaware Department of Corrections (DDOC) and Sussex Community Corrections Center (SCCC). (D.I. 1). Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

**I.      BACKGROUND**

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). On June 8, 2024, Corporal Spencer approached Plaintiff inside SCCC and used pepper spray on Plaintiff unprovoked. (D.I. 1 at 1; *see also* D.I. 1-1 at 2). While using pepper spray on Plaintiff, Corporal Spencer motioned with his free hand, as if to suggest that he was giving Plaintiff instructions, but Corporal Spencer was not giving Plaintiff any instructions. (D.I. 1 at 1). Corporal Spencer just said to Plaintiff, "What's up now? You know you bought that ticket," before forcing Plaintiff to the ground, handcuffing him, and hitting his head against the wall while taking him to a holding cell. (*Id.* at 2). Corporal Spencer then wrote a report, in which he falsely claimed that Plaintiff refused to comply with directives, to justify the use of pepper spray. (*Id.* at 1; *see* D.I. 1-1 at 1). Since being pepper sprayed, Plaintiff has had "a bump on the white part of both of [his] eyes that's very visible and [his] vision hasn't been the same." (D.I. 1 at 2). The Complaint also mentions that Plaintiff has advanced stage glaucoma. (D.I. 1 at 2). The Complaint does not state what relief Plaintiff seeks.

## II.     SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  When a plaintiff proceeds *pro se*, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.   DISCUSSION

Even when liberally construing Plaintiff's pleading and reviewing the Complaint in the light most favorable to him, the Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(e)(2)(B)(iii), and 1915A(b)(1), for failing to state a claim and naming Defendants immune from suit.

To the extent that Plaintiff intends to assert a § 1983 claim based on excessive use of force, in violation of the Eighth Amendment, the Complaint fails to name a viable defendant. The DDOC and SCCC (as a component of SCI) are both immune from suit. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also* 11 Del. C. § 6501 et seq.; *Jones v. Sussex Correctional Institute*, 725 F. App'x 157, 159 (3d Cir. 2017) (per curiam). Additionally, the DDOC and SCI are not persons for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47, 50 (3d Cir. 2008) (per curiam). Accordingly, Plaintiff's claims against the DDOC and SCCC will be dismissed, and amendment is futile.

Plaintiff will be given leave to file an Amended Complaint. An Amended Complaint must name a viable defendant. The Amended Complaint must also state the relief Plaintiff seeks. *See* Fed. R. Civ. P. 8(a)(3). The Amended Complain may also elaborate on Plaintiff's excessive use of force claim. Use of force is actionable under § 1983 when it exceeds "that which is reasonable and necessary under the circumstances." *Davidson v. O'Lone*, 752 F.2d 817, 827 (3d Cir. 1984). When analyzing an excessive use of force claim by an inmate against an officer, the key question is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). In making this determination, the Court weighs the following factors: (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, (4) the threat reasonably perceived by the responsible officials, and (5) the efforts made to temper the severity of a forceful response. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915(e)(2)(B)(iii), and 1915A(b)(1). Plaintiff will be given leave to amend.

An appropriate Order will be entered.